UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

**ALBERT ESCALET,**

                      Plaintiff,

  - against –

**THE CITY OF NEW YORK** and **POLICE OFFICERS JOHN DOES 1-3** in their individual and official capacities as Police Officers employed by the City of New York**,**

                      Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**
O8 CV 00096  [SHS][FM]

      Plaintiff, by his attorney, ANDREW F. PLASSE, P.C., as and for his Complaint, hereby alleges and shows to the Court the following:

      1.  Plaintiff Albert Escalet hereby brings this action against the City of New York, and Police Officers John Does 1-3 in their individual and official capacities as Police Officers employed by the City of New York for damages arising out of unconstitutional policies and actions arising out of an alleged excessive use of force, false arrest, and false imprisonment which occurred on August 16, 2006.

      2.  Plaintiff brings this action against the defendants to redress the deprivation of rights secured to her by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Section 1983.

      3.  At the time of the incident herein, plaintiff was a resident at 2757 Claflin Ave., Bronx, NY 10468.  Each defendant is a citizen of the State of New York. The

amount in controversy exceeds the sum of Fifty Thousand [$50,000.00] Dollars, exclusive of interest and costs.

    4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

    5. Venue is proper in this District pursuant to 28 U.S.C. 1381.

    6. At all times hereinafter mentioned the defendants Police Officers John Does 1-3 were employed as New York City Police Officers and resided in the State of New York.

    7. Upon information and belief, defendant City of New York was and now is, a municipal corporation, existing under and incorporated under the laws of the State of New York, with its principal place of business located at the Municipal Building, One Centre Street, New York, NY 10007.

    8. That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Police Department by charter, or by law, under provisions of the State and/or City of New York

    9. At the time of the alleged incident and at all times pertinent hereto, the defendants Police Officers John Does 1-3 acted under color of State Law or a statute, ordinance, regulation or custom.

## STATEMENT OF FACTS

    10. On August 16, 2006, at approximately 1:30 p.m., the Plaintiff was arrested for narcotics possession by Police Officers of the 40th Precinct in the Bronx.

11.  At the aforesaid date, time and place, plaintiff was falsely arrested by Police Officers John Does 1-3 for drugs.  During the course of the arrest, defendant Police Officer John Does 1-3 placed handcuffs on his right writs, causing it to be injured.

12.   After plaintiff was placed under arrest and taken to the 40th Precinct, 257 Alexander Ave., Bronx, New York, he was denied medical care.

13.  Upon information and belief, Plaintiff's felony criminal charges occurring on August 16, 2006 were subsequently dismissed.

## PLAINTIFF'S CLAIM.

14.  Upon information and belief, Police Officers John Does 1-3, acted with actual malice toward the plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff

15.  Upon information and belief, the actions taken as aforesaid by Police Officers John Does 1-3 constituted excessive use of force, an unreasonable search and seizure and deprivation of liberty without due process of law.

16.   Upon information and belief, the conduct of defendants Police Officers John Does 1-3 violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICERS "JOHN DOES 1-3", JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-16" AND FURTHER ALLEGES AS FOLLOWS:**

17.  Upon information and belief, the actions taken as aforesaid by Police Officers John Does 1-3, constituted excessive force, an unreasonable search and seizure in

violation of the Fourth Amendment and a deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.

18. Upon information and belief, Police Officers John Does 1-3 acted with actual malice toward the Plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

19. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

20. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWO MILLION [$2,000,000.00] DOLLARS.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-20" AND FURTHER ALLEGES AS FOLLOWS:**

21. Upon information and belief, the actions taken as aforesaid by Police Officers John Does 1-3, constituted excessive force, an unreasonable search and seizure and deprivation of liberty without due process of law.

22. Upon information and belief, at all times pertinent hereto, New York City permitted and tolerated a pattern and practice of excessive force, unreasonable search and

seizures, denial of prompt medical treatment, and deprivations of liberty without due process of law by Police Officers of the City of New York.

23. Upon information and belief, the City of New York has maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and which permits and tolerates the excessive force, unreasonable search and seizures and deprivations of liberty without due process of law by Police Officers.

24. At all times pertinent hereto, Police Officers "John Does 1-3" were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City of New York. These policies and practices which were enforced by Defendant City of New York were the moving force, proximate cause, or the affirmative link behind the conduct causing the plaintiff's injuries.

25. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by Police Officers John Does 1-3.

26. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWO MILLION [$2,000,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-26" AND FURTHER ALLEGES AS FOLLOWS:**

27. That the plaintiff was held in custody as the result of his arrest.

28. That the Plaintiff's arrest was without authority of law, was done without probable cause and was illegal.

29. That as the result of the false arrest of the Plaintiff, the plaintiff's civil rights pursuant to 42 U.S.C. Section 1983 were violated and plaintiff sustained severe

humiliation, embarrassment, mental distress, loss of earnings, loss of freedom, incurred needless expenses, incurred property damage and personal injuries.

30. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWO MILLION[$2,000,000.00] DOLLARS.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against defendants Police Officers John Does 1-3 in the amount of TWO MILLION ($2,000,000.00) DOLLARS;

II. Judgment on the First Cause of Action against the City of New York in the amount of TWO MILLION ($2,000,000.00) DOLLARS;

III. Judgment on the Second Cause of Action against the City of New York in the amount of TWO MILLION ($2,000,000.00) DOLLARS;

IV. Judgment for Punitive Damages against defendants Police Officers John Does 1-3 in the amount of TWO MILLION [$2,000,000.00] DOLLARS;

V. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:   January 2, 2008
         New York, New York

                                      s/ANDREW F. PLASSE
                                      ANDREW F. PLASSE, P.C.
                                      BY: ANDREW F. PLASSE
                                      Bar Roll No.: AP-3679
                                      Attorney for the Plaintiff
                                      Office and P.O. Address
                                      352 7th Avenue, Suite 402
                                      New York, NY 10001
                                      [212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE
PURSUANT TO RULE 38 OF THE FEDERAL
RULES OF CIVIL PROCEDURE**

<u>s/ ANDREW F. PLASSE</u>
ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 402
New York, NY 10001
[212] 695-5811