UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALBERT ESCALET,

                            Plaintiff,

        -against-

THE CITY OF NEW YORK and POLICE OFFICERS
JOHN DOES 1-3 in their individual and official capacities
as Police Officers employed by the City of New York,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

08 CV 96 (SHS)

Jury Trial Demanded

        Defendant the City of New York ("City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residence.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to lay venue as stated therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City maintains a police department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff was arrested on or about August 16, 2006 on charges of, <u>inter alia</u>, criminal possession of a controlled substance in the seventh degree and that the arresting officer was assigned to the 40th Precinct.

11. Denies the allegations set forth in paragraph "11" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint, except admits that plaintiff was transported to the 40th Precinct following his arrest.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "I" of the complaint, except admits that plaintiff purports to seek the relief as stated therein.

32. Denies the allegations set forth in paragraph "II" of the complaint, except admits that plaintiff purports to seek the relief as stated therein.

33. Denies the allegations set forth in paragraph "III" of the complaint, except admits that plaintiff purports to seek the relief as stated therein.

34. Denies the allegations set forth in paragraph "IV" of the complaint, except admits that plaintiff purports to seek the relief as stated therein.

35. Denies the allegations set forth in paragraph "V" of the complaint, except admits that plaintiff purports to seek the relief as stated therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

36. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

37. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

38. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

39. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

40. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

41. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

42. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

43. The actions taken by any police officers involved were justified by probable cause.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

44. Plaintiff may not recover punitive damages from the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

45. There was probable cause for plaintiff's arrest and prosecution.

- 6 -

**WHEREFORE,** defendant the City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
                May 8, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendant City of New York
                          100 Church Street
                          New York, New York 10007
                          (212) 788-1575

                        By:              /s/
                                Bradford C. Patrick
                                Assistant Corporation Counsel

To:     <u>BY ECF</u>
        Andrew F. Plasse, Esq.
        Andrew F. Plasse, P.C.
        Attorney for Plaintiff
        352 7th Ave., Suite 402
        New York, NY 10001

Index No. 08 CV 96 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT ESCALET,

                        Plaintiff,

-against-

THE CITY OF NEW YORK and POLICE OFFICERS JOHN DOES 1-3 in their individual and official capacities as Police Officers employed by the City of New York,

                        Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Bradford C. Patrick*
*Tel: (212) 788-1575*
*NYCLIS No.2008-02555*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................., 200......*

*............................................................................ Esq.*

*Attorney for....................................................................*